Harry Stackell, of New York City, for appellant.

Bernfeld & Ankus, of New York City (Jacob Bernstein, of New York City, of counsel), for respondent.

GUY, J. The complaint set forth two causes of action: First, on a check; second, for goods sold and delivered. As to the first cause of action, defendant admitted the making and delivery of the check, but alleged that it was given under a mistake of fact in payment of goods which did not conform to the contract made by plaintiff with defendant, and accord and satisfaction. As to the second defense, there was a plea of tender of payment, which was admitted by plaintiff.

These issues were fully tried and determined in favor of the defendant. Four months after the trial the plaintiff moved for a new trial on the ground of newly discovered evidence, consisting of a statement admitted to have been forwarded by defendant to plaintiff with a check for the amount, which defendant, on the trial, testified represented the amount agreed upon in the alleged accord and satisfaction, and which statement, except as to a variance of one day in the date, and the fact that it was on a letter heading of defendant, instead of on plaintiff's letter heading, as testified to by plaintiff, was in effect the same as the statement called for in the notice to produce served by defendant upon plaintiff before trial and described by defendant in his testimony on the trial, so that plaintiff was fully notified both before and on the trial as to the nature and effect of the alleged statement and its materiality in connection with the issues presented.

It is clear, on all the facts presented by the record and in the moving affidavits, that by the exercise of even ordinary diligence plaintiff could have produced the statement in question on the trial; and, if produced, it is equally apparent that it would have tended to corroborate defendant's testimony as to an accord and satisfaction, so that it would not, in all probability, have in any way altered or affected the result of the trial. It follows, therefore, that the learned court below erred in granting the motion for a new trial.

Order reversed, with $30 costs, and judgment in favor of defendant directed to be reinstated, with costs in the court below. All concur.

---

PEOPLE ex rel. FORWARD ASS'N v. PURDY et al., Commissioners of Taxes and Assessments.

(Supreme Court, Appellate Division, First Department. April 14, 1916.)

TAXATION ☞241(1)—EXEMPTIONS—BENEVOLENT INSTITUTIONS.

A certificate of incorporation, which shows that the purpose of the organization is, among other things, to own, manage, and operate a building for the purpose of the corporation, and to sublet portions of such building to other persons, clearly shows that the corporation is not entitled to an exemption from taxation under Tax Law (Consol. Laws, c. 60) § 4, subd. 7, which provides exemption only when the property of such

---

a corporation is used entirely for corporation purposes, and not when it is rented, or when profit is derived thereon from other persons.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 389, 391, 393; Dec. Dig. ⊜⇒241(1).]

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of the Forward Association, against Lawson Purdy and others, as Commissioners of Taxes and Assessments. From an order denying a motion to quash the writ and dismiss the proceeding, defendants appeal. Reversed, writ quashed, and proceeding dismissed.

The following is the certificate of incorporation of the Forward Association:

State of New York, City and County of New York—ss:

We, the undersigned, of full age, being desirous of associating ourselves together for the purpose of mutual enjoyment, social intercourse among members, also for the purpose of distributing literature, social and economic science as hereinafter is more particularly fully described, pursuant to and in conformity with acts of the Legislature of the state of New York relating to membership corporations, do hereby certify and declare that we are all of full age, two-thirds of us are citizens of the United State, and all of us are residents of the state of New York. We do further certify and declare as follows:

(1) That the particular objects for which said corporation is formed are as follows: To promote social intercourse and enjoyment among its members, diffuse knowledge in literature, economic and social science by means of meetings, lectures and more particularly by the means of useful publications.

(2) That the corporate name by which the said corporation hereby to be formed shall be known and distinguished is and shall be the Forward Association.

(3) That the territory in which the operation of said corporation is to be principally conducted is city of New York and state of New York.

(4) That the principal office of said corporation shall be located in the city of New York, county of New York and state of New York.

(5) That the number of directors shall be seven.

(6) [Names and place of residence of directors until first annual meeting.]

(7) That the annual meeting of said corporation shall be held on the first Monday of January in each year.

The amended certificate of incorporation reads as follows:

We, the undersigned, being all of the directors of the Forward Association, a membership corporation organized under the laws of the state of New York, desiring to alter the certificate of incorporation of the Forward Association so as to extend its corporate purposes pursuant to the provisions of the Membership Corporations Law of the state of New York, do hereby make and file the annexed certificate for such purpose and do certify as follows:

That the name of the corporation whose certificate of incorporation is hereby altered is the Forward Association.

That the alteration proposed and intended to be affected by the execution and filing of this amended certificate consists of an extension of corporate purposes so as to include the following, to wit: "To promote social intercourse among its members, and to promote and diffuse, especially among the Jews in the United States, a general knowledge of literature, economics, social, political and historical science, and other useful information by means of publication, circulation, and sale of books, periodicals, newspapers, and other species of literature as well as by lectures and other methods; to own, manage, and operate a building or buildings in the city of New York and elsewhere for the said purposes of the said corporation, and to sub-let portions of such building or buildings to other persons; to assist other progressive, political, civic, economic, and philanthropic movements and organizations financially, to

co-operate with such organizations and movements, and to initiate such movements. The association shall at all times adhere to and propagate the principles of international Socialism and shall support only such political parties and organizations in the United States whose programs, platforms, and activities are in close conformity to such principles. The corporate purposes of the Forward Association shall not be changed, amended, or extended without the concurring vote of at least two-thirds of all members of the corporation present at the meeting at which any resolution for such proposed changes, amendments, or extensions shall be voted upon."

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

William H. King, of New York City, for appellants.
Alexander Kahn, of New York City, for respondent.

PER CURIAM. It clearly appears from the certificate of incorporation of the relator that it is not within the class of corporations or associations entitled to exemption from taxation by subdivision 7, § 4, of the Tax Law.

The order is reversed, with $10 costs and disbursements, the writ of certiorari quashed, and the proceeding dismissed, with $10 costs.

---

(93 Misc. Rep. 597)

SCHERMERHORN et al. v. ALBANY SYNDICATE.

(Supreme Court, Trial Term, Rensselaer County. February, 1916.)

1. TAXATION ⬅═➣421(7)—ASSESSMENTS—DESCRIPTION OF PROPERTY.

Under Tax Law (Consol. Laws, c. 60) § 21, subd. 2, as amended by Laws 1911, c. 315, and Laws 1912, c. 266, providing that in the assessment roll with respect to real property there shall be set down in the second column a description of the property sufficiently accurate to identify it, and in the third column a statement of the approximate quantity of the property or of its linear dimensions, an assessment of a house and lot, giving the street, without further description or statement of the size of tract, is void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 729, 730; Dec. Dig. ⬅═➣421(7).]

2. TAXATION ⬅═➣799—TAX TITLE—DETERMINATION—NATURE OF CLAIM.

Under Code Civ. Proc. §§ 1638, 1639, authorizing an action by a person in possession of land to compel the determination of an adverse claim, such an action may be maintained to determine a claim under a tax deed, though the assessment on which it is based is void on its face.

[Ed. Note.—For other cases, see Taxation., Cent. Dig. §§ 1584, 1585; Dec. Dig. ⬅═➣799.]

Action by J. Stearns Schermerhorn and another against the Albany Syndicate. Judgment for plaintiffs.

Edgar L. Ryder, of New York City (Lester T. Hubbard, of Albany, of counsel), for plaintiffs.
Du Bois & McDermott, of Albany, for defendant.

CHESTER, J. The action is one brought under sections 1638 and 1639 of the Code of Civil Procedure to compel the determination of a claim to real property. The plaintiffs, who are the heirs at law of